# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL NO: 1:13-CV-00761 |
| Plaintiff and Counter-defendant, | : : : | |
| | : | (Judge Jones) |
| v. | : : | |
| GLENN WORLEY, *et al.*, | : : | |
| Defendants and Counterclaimants. | : : : | (Magistrate Judge Schwab) |

## REPORT AND RECOMMENDATION

Before me is the United States' motion to dismiss the defendants' counterclaims. For the reasons set forth herein, the United States' motion should be granted.

## I.  Background and Procedural History.

On March 25, 2013, the United States filed a complaint against Glenn Worley ("Glenn") and Tamara Worley ("Tamara"), seeking to reduce tax assessments to judgment and foreclose on the defendants' real property. *Doc.* 1. On June 11, 2013, the defendants were served with the complaint, but they subsequently filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(4) and (5). *See Doc.* 9. On September 11, 2013, I deemed the motion

withdrawn because the defendants' failed to timely file a brief in support as required under Local Rule 7.5.[1]  *Doc.* 22.

In addition to filing a dismissal motion, on July 26, 2013, the defendants filed a cross-claim[2] against the United States asserting the following: (1) it is a false assumption "that the United States' Constitutional principle of apportionment required for constitutional authority to tax directly has been abolished"; (2) it is a false assumption "that the income tax is something other than an excise tax"; (3) it is a false assumption "that [the] defendants are and have been involved in a taxable activity or occupation"; (4) it is a false assumption "that [the] defendants [sic] employment is not constitutionally exempt from taxation"; (5) it is a false assumption "that [the United States] can ignore and disregard constitutional protections of citizens"; and (6) "[t]he assumption that the 16th Amendment crated [sic] new powers of taxation."  *Doc.* 10.  The pleading contains no factual allegations in support of its legal conclusions; instead, the legal conclusions are merely listed as "[p]oints to be developed."  *Id.*

Thereafter, the United States filed a motion to dismiss the defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(6).  *Doc.* 13.  In

---

[1]  As stated in *Doc.* 22, the defendants must file a responsive pleading by October 17, 2013.

[2]  The defendants' pleading is actually a counterclaim.  *See* Garner's Dictionary of Legal Usage 237 (3d ed. 2011); *see also* Fed.R.Civ.P. 13.

addition, the United States filed a brief in support. *Doc.* 14. On August 20, 2013, Glenn filed a timely brief in opposition (*Doc.* 19), but Tamara did not, and her time for doing so has since expired. Subsequently, the United States filed a timely reply brief. *Doc.* 20. Despite Tamara's failure to file a brief in opposition, the motion has been fully briefed by the United States and Glenn, and it is ripe for disposition on the merits.[3]

## II. <u>Legal Standard – 12(b)(6) Motion to Dismiss</u>.

The United States has moved to dismiss the defendants' counterclaims in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a pleading should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In ruling on such a motion, "[c]ourts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint." *PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F.Supp.2d 520, 524 (W.D.Pa. 2011) (citing *United States v. Union Gas Co.*, 743 F.Supp. 1144, 1150 (E.D.Pa. 1990)).

The Third Circuit recently noted this evolving benchmark standard for legal sufficiency of a complaint stating that:

---

[3] Usually, any party who fails to file a brief in opposition to a motion is deemed not to oppose such motion. M.D.Pa.L.R. 7.6. In this case, however, I am able to dispose of the United States' motion on its merits, without the added benefit of Tamara's brief in opposition, since the law is clear regarding the defendants' counterclaims.

3

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) continuing with our opinion in *Philips* [*v. County of Allegheny*, 515 F.3d 224, 230 (3rd Cir.2008) ] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*[, 556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UMPC Shadyside*, 578 F.3d 203, 209–10 (3rd Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3rd Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997). Further, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Supreme Court has stated that in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*

4

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court in *Twombly* also stressed that the allegations and the supporting facts must raise a right to relief to something higher than a speculative level. *Id.* More recently, the Supreme Court refined these pleading requirements stating that the pleaded facts must amount to more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, when reviewing pleadings for sufficiency, the Supreme Court advises trial courts to:

> Begin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must-be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

As such, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions and raise the plaintiff's claimed right to relief beyond the level of mere speculation. The Third Circuit advised that:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the

5

> complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210–11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.

Last, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013).

## IV. Discussion.

Applying the aforementioned legal standard, there is no question that the defendants' counterclaims are patently frivolous and consist of nothing more than "tax-protester" rhetoric. As such, their counterclaims should be dismissed.

First, the defendants assert that the Sixteenth Amendment to the United States Constitution did not create new powers of taxation, and that it is a false assumption that the Constitutional principle of apportionment has been abolished. *Doc.* 10 at 1, 2. Under Article I, Section 8 of the United States Constitution, however, Congress was granted the power to "lay and collect Taxes." U.S. CONST., Art. 1, § 8. Subsequently, the Sixteenth Amendment modified the requirements in Article 1, Sections 2 and 9, that taxes had to be apportioned and in proportion to the census. U.S. CONST., Art. 1, §§ 2, 9; Amend. XVI. More precise, under the Sixteenth Amendment, "Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration." U.S. CONST. Amend. XVI. Furthermore, with respect to the Sixteenth Amendment, courts have long recognized its ratification and validity. *See United States v. Benson*, 561 F.3d 718, 723 (7th Cir. 2009)(quoting *United States v. Benson*, 941 F.2d 598, 607 (1991) ("[W]e have repeatedly rejected the claim that the Sixteenth Amendment was improperly ratified.")); *United States v. Sitka*, 845 F.2d 43, 46-47

(2d Cir. 1988)("The validity of [the ratification process] and of the resulting constitutional amendment are no longer open questions."). Thus, it is readily apparent that the defendants' counterclaims which call in to question the taxing power of the United States are frivolous and should be dismissed. *See also United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)(internal citations omitted)("For seventy-five years, the Supreme Court has recognized that the Sixteenth Amendment authorizes a direct nonapportioned tax upon United States Citizens throughout the nation, not just in federal enclaves…efforts to argue otherwise have been sanctioned as frivolous….").

Last, with respect to the defendants' remaining counterclaims, less of a discussion is required as they can easily be deemed frivolous and dismissed as such. *See* 26 U.S.C. § 61(a); *Worblewski v. C.I.R.*, 150 F. App'x 52 (2d Cir. 2005) (summary order) (affirming the tax court's finding as frivolous a taxpayer's argument that the income tax is an excise tax); *Reese v. United States*, 24 F.3d 228, 231 (Fed. Cir. 1994) (emphasis added) ("An abiding principle of federal tax law is that, absent an enumerated exception, gross income means *all income from whatever source derived*."); *Grimes v. C.I.R.*, 806 F.2d 1451, 1453 (9th Cir. 1986)("There can be no doubt that the tax on income is constitutional and that, for the purpose of the Sixteenth Amendment, income includes gain derived from capital, from labor, or from both combined."); *Parker v. Comm'r*, 724 F.2d 469,

471-72 (5th Cir. 1984)(refuting that "the income tax is an excise tax applicable only against special privileges."). As well, the defendants have violated Rule 8's basic tenet that the pleading contain a demand for the relief sought and the allegations are nothing more than mere, frivolous legal conclusions.

Consequently, the defendants' counterclaims should be dismissed as frivolous and leave to amend should not be granted as it would be futile. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted).

### V. **Recommendation.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) The United States' motion to dismiss (*Doc*. 13) be **GRANTED**; and

(2) The defendants' "motion for sufficient time to develop cross-claim or amend cross-claim" (*Doc*. 11) be **DENIED** as moot.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **24th** day of **September 2013**.

*S/ Susan E. Schwab*
**Susan E. Schwab**
**United States Magistrate Judge**